NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 25 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FILADELFO GONZALO OCHOA
ECHEVERRIA,

No. 16-73406

Petitioner,

Agency No. A071-589-334

v.

MEMORANDUM[*]

MERRICK B. GARLAND, Attorney
General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2022[**]

Before: S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Filadelfo Gonzalo Ochoa Echeverria, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

applications for asylum, withholding of removal, and protection under the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We deny in part and dismiss in part the petition for review.

In his opening brief, Ochoa Echeverria does not raise, and has therefore waived, any challenge to the agency's determination that he did not establish past persecution.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).  Substantial evidence supports the agency's determination that Ochoa Echeverria failed to demonstrate that the harm he fears would be on account of a protected ground.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").  Thus, Ochoa Echeverria's asylum and withholding of removal claims fail.  We reject his contention that the agency erred in its analysis.

We lack jurisdiction to consider Ochoa Echeverria's political opinion claim because he failed to raise the issue before the BIA.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Substantial evidence also supports the agency's denial of CAT protection

because Ochoa Echeverria failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (generalized evidence of violence and crime was not particular to the petitioner and insufficient to establish eligibility for CAT protection).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

16-73406